UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAUN PAUL POPE,

Plaintiff,

Case No: 26-11848
Hon. F. Kay Behm
U.S. District Judge

v.

LIVINGSTON COUNTY, *et al.*,

Defendants.
_________________________________/

**ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS (ECF No. 7) AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM (ECF No. 6)**

On June 8, 2026, this court entered an order striking Plaintiff's complaint and giving Plaintiff 21 days to submit an amended complaint. ECF No. 5. Plaintiff submitted an amended complaint (ECF No. 6) and an application to proceed without prepaying fees and costs (ECF No. 7). The court finds that application facially sufficient and **GRANTS** the application to proceed without prepaying fees and costs. But for the reasons explained below, his complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, and/or for seeking monetary relief against defendants who are immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The amended complaint is then **STRICKEN** for failure to comply with Rule 5.2(a)(3).

When an individual applies to proceed in forma pauperis, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678. "Conclusory allegations are not entitled to the assumption of truth." *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at *4 (6th Cir. Oct. 21, 2025). Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Pope names two Defendants in his complaint: former judge Theresa Brennan, and Livingston County. He alleges due process violations under 42 U.S.C. § 1983 arising from, it appears, his divorce proceedings, lack of visitation rights as to his minor child, and child support obligations. Pope's complaint is somewhat difficult to follow, but Brennan was the judge in that state court proceeding, and among Pope's many claims regarding her conduct, he also points out that Brennan was removed from office by the Judicial Tenure Commission. ECF No. 6, PageID.84. However, despite his implication that misconduct was connected to his case, "[j]udicial officers generally are absolutely immune from civil suits for monetary damages . . . for their

judicial actions." *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). There are narrow exceptions: "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citation omitted). And "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12. Pope offers no nonconclusory allegations, however, that the state court lacked jurisdiction over Pope or that any action (however improper) was taken by Brennan in a nonjudicial capacity.[1] So Brennan must be dismissed because she is immune from suits for monetary damages for the conduct he complains of.

As for Livingston County, as a municipal entity, Pope must allege that it is responsible for an unconstitutional policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). It is doubtful that Pope's conclusory allegations satisfy the *Twombly/Iqbal* standard

[1] At times, Pope does seem to say the "court ha[d] no legal jurisdiction over me" (ECF No. 6, PageID.59), but he offers no nonconclusory development explaining why that would be the case. He says at another point that Brennan was "masquerading" as a judge, but in context that seems to be a turn of phrase rather than a genuine allegation that she was acting outside of her jurisdiction. *Id.* at PageID.68. Indeed, the basis of his complaint is that she acted "under color of law[.]" *Id.* at PageID.60.

or establish an unconstitutional policy within the meaning of *Monell*. *See* ECF No. 6, PageID.60 ("County oversight and systemic failure has occurred . . . allowing this judge to continue to operate"). The core of his complaint alleges Brennan acted uniquely poorly, not that Livingston County has a policy of permitting judges to act in this alleged way. But setting that to the side, a different dispositive problem is also quickly apparent; the court proceedings in which Pope complains his rights were violated occurred between 2015 to 2017. ECF No. 6, PageID.82-83, 71-72 (citing dates of court proceedings). In performing the § 1915(e) screening, "[a] district court may sua sponte raise the statute of limitations when that defense is apparent from the face of the complaint." *Gardner v. Lexington-Fayette Urban Cty. Gov't*, No. 21-5941, 2022 U.S. App. LEXIS 6140, at *6 (6th Cir. Mar. 9, 2022) (citing *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002)). In Michigan, the statute of limitations for § 1983 claims is three years. *See Green v. City of Southfield*, 759 F. App'x 410, 414 (6th Cir. 2018). Because this action was filed in 2026, more than three years later than

any of the relevant dates,[2] any claim against Livingston County must be dismissed for failure to state a claim on which relief can be granted.

Finally, the court previously warned Pope that Federal Rule of Civil Procedure 5.2(a)(3) requires litigants to protect the identity of minors by, at minimum, using only the minor in question's initials when filing their pleadings. ECF No. 5. Plaintiff once again listed the name of his minor child in his amended complaint. So the court will also strike his amended complaint to seal it from the public record.

Plaintiff's Amended Complaint is **DISMISSED** without prejudice. It is then **STRICKEN** for failure to comply with Rule 5.2(a)(3). A judgment will follow.

**SO ORDERED**.

Date: August 7, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge

[2] Brennan was removed from office in 2019. ECF No. 6, PageID.84.